Good afternoon. May it please the court. I'm James Ostlander. I'm joined today by Arlington County Attorney Min Chao Kuo. United States here took Arlington County property called the South Gate parcel that all parties agree is quite valuable. Having taken that property, the United States has to pay for it. Oh, in this case, however, the United States seems to have forgotten that very basic principle and instead asserts that it can unilaterally declare when it will and will not pay fair market value for property it takes. If that proposition is accepted, it would turn the Fifth Circuit, the Fifth Amendment on its head. This court would have to make new law. Actual taking. Am I correct that it's the condemned or who determines what is being taken? Yes, Your Honor, the the Compton or exercise vast authority to condemn land and to be clear up at the outset because I don't want any ambiguity about it. Arlington County is proud to be the home of Arlington National Cemetery and supports the goal of expanding the cemetery. And so the United States took land here to create more contiguous burial space for Arlington National Cemetery and the land that it took is all going to be used for that purpose. So this is singular taking one unitary project here. That's been compensated. There's a singular taking in some form. You're on the United States brought one condemnation action to condemn different parcels of land altogether. The district court found this positive that it was all for one cemetery expansion project in terms of the just compensation due for the property. That's not the law you're on respectfully whether it's one project whether it's one taking that doesn't dictate one form of just compensation for all the property. The relevant inquiry is what property was taken what was lost by the condom knee and what needs to be paid for that property. The reason you haven't seen a fact scenario like this where the United agree have stipulated that this property has a terminable fair market value yet. Then it's being offered substitute facilities as just compensation is because in exactly are you arguing? Is to be compensated for that. You aren't receiving. You're on the take of the Southgate parcel, which is 4.23 acres. Was it was a valuable development parcel. It's not just a road like Columbia Pike is it is a valuable parcel that both sides expert appraisers found the highest and best use is for residential development. And so we disagree of course on what that value is this happens in almost every taking case, but that property was taken from the county and the It's not received just compensation. Did the county did the county agree that? That parcel is partially being compensated for by the addition the creation of a new South Nash Street and by some improvements to Columbia Pike with the bike lanes, etc. Is it my impression was that part of that taking of the Southgate parcel is being compensated in these other roads, but that you think that parcel had more value develop, you know, it was property that could be developed. That's not being compensated. It's like it needs to be topped off to reach the to reach its value. Is that a correct interpretation of what you're saying? No, your honor. Yes, it's not a top-off. And again that this is not a double or hybrid compensation type of case where the county is receiving a realignment of the Columbia Pike prop segment that was taken by the United States is being realigned and being improved that this mom's the same acreage almost the same location, but it's being shifted to the south to create more contiguous space for the cemetery that property that Columbia Pike is compensation for the taking of Columbia Pike. That was the way the parties negotiated it. That's the way that the evidence supports it and the at the end of the day. It doesn't serve as just compensation also, but Southgate parcel. There's not a shred of evidence your honor that the Columbia Pike property would be any different if Southgate had not been taken. Also, the government's position is is that we if we take property places and I thought the county represented that. Losing Southgate and the other road Joyce Street. That the Columbia Pike which if you look at the pictures seems substantially approved over what it is today. Along with the South Nash Street that that was the mitigation for taking specifically Southgate Joyce Street and Columbia Pike your honor. I'd submit that the record demonstrates and again. This is a summary judgment ruling. What we're asking this court to do is to reverse the grants of summary judgment and allow the case to remain you return to the its normal course rather than determining that these issues have been determinatively demonstrated you disagree on that point. Do you disagree that the district court was it is the district court's job to find the facts when it comes to is this one price this one taking what form of compensation is appropriate, but then it's the jury's responsibility to determine the actual dollar figure the actual award that you seem to proceed below as though that this was the district court's job to find these facts, but then there were some hints in your brief as though you you were saying the district court shouldn't have done this and I just wanted to check on what your interpretation of 71.1 H is sure your honor the county promptly and timely demanded a jury trial for on the issue of the amount of just compensation right the United States brought a novel motion the same one a summary judgment. What do you think that means the amount of compensation? That's is that's the dollar. It's the fair market value your honor. Yes, but the district court as you it seems like you thought before the district court is the district court's job to determine these preliminary facts that we're talking about now is this one project what form of compensation is appropriate. Yes, your honor, but there there isn't any case where the district court has found that substitute facilities are appropriate when for example, there's only two instances in every single substitute facilities case has in the presence of two circumstances. One of two circumstances one that the property has an indeterminable fair market value. It's just it is a major road. It is a county facility. It is public works that doesn't have inherent fair market value. It's stipulated in this case that it has the Falcone parcel has significant fair market value. It does and both sides appraisers have valued it in seven to eight figures. So another imagine for the sake of argument, and I'm not saying I necessarily think this and I'm not asking you to agree with or concede it but imagine that we were to conclude that the relevant test which is what the district court basically said is what you're getting an adequate substitute for what it is. You're losing imagine that that is the legal standard. Do you think that the question about whether X is an adequate substitute for why is that a factual question to be determined by the jury or the You know, so if we posit that the question is the adequacy of the substitute who decides whether Y is an adequate because the district court seem to think it was the district court who decides whether X is a sad but substitute for Y. Do you agree with that? If the question the question presented from understand your honor the question presented was the adequacy of the substitute facility that yes, I'm going to take I don't know one of your folders and I'm going to say well the bad news is I'm not going to give you cash. I'm going to give you this water bottle, but it's totally fine because this water bottle is every bit as good as the folder that I'm taking from you who decides the truthfulness of my claim that this water bottle is an adequate substitute for the folder. I'm taking if there was a dispute. I believe that would be an issue for the jury your honor. It's a factual question as to what is the fact where is the substitute but I just want to impress that is not the question presented in this case. Is there a dispute of fact on that in this case if if the district court's fact-finding was correct that this is one parcel one project that substitute facilities is the correct form of compensation. Then is there a dispute of fact after that as to the adequacy of the substitute facilities? I didn't see you disputing that in the district court. No, your honor that again that the question here is not and like you see in most substitute facilities cases. It's are we going to build a one-car tunnel or a two-car two-lane tunnel? Are we going to build it 10 miles long or five miles long and all these cases there been again one kid these two conditions. You can't determine the fair market value of the property or the parties have agreed that it's going to be a substitute facility in every case your argument of there's a there's a sentence in Duncanville that strikes me as a real problem for that argument though. What do you do with a statement in Duncanville where the court the Supreme Court just flat-out says the United States could have provided a substitute instead of cash. It doesn't qualify that it doesn't say only a fair market value. There's just a there's a flat-out statement by the US Supreme Court that said that's probably dicta in the context of that case. But what do I do with that sentence your honor? I would respectfully. I don't believe that's what that sentence says. What the sentence says is that Brown it talks about Brown the Supreme Court case and it says that Brown could be read to allow and again, I have it in my brief and I'll have it I can pull it up if you give me a To allow substitute facilities to be a constitutional form of just compensation, but what Duncanville found in that case was that and every other case that has looked at it since including cases at the United States sites, including that that Peace Arch case. It says that substitute facilities is an appropriate form of self-compensation when you cannot determine the fair market value. It's a fair market value is not going to make the condom knee hole. It is a protection for the condom knee. It is not a weapon for the United States to unilaterally declare that fair market value is no longer an issue in this case again. It's not that the United States is that we're not going to get any money. We're not even have a trial about what the market value just comes off the table as soon as the United States declare substitute. Synthesize questions and answers from my colleagues that you've made under the rule to admittedly is kind of a unusual prospect of allocating the authority between the trial judge and jury. The trial judge has more exclusive authority than he would in the ordinary jury trial. So these initial two issues of whether or not a singular taking has occurred and is the substitute facilities. Theory just compensation would seem to me to be within the province only of the trial judge. Do you agree with that? I don't necessarily agree with that your honor, but I think the more fundamental point is that the district court applied the wrong test the district court preceded that let's just say it's one taking and when we would disagree factually that is one take and we think the history of this project and the history of negotiations clearly show disagreed factually disagree factually that is one project is there any authority or anything that we look to that says anything that requires us to find that the district court was wrong, right? If it's a fact-finding the district court makes she has to be clearly erroneous, but there's no sort of legal legal standard that she that the district courts finding didn't live up to here. I would say that the district court apply the district court basically rewrote takings law by stating that fair market value comes off for anything included in the taking if any aspect of that taking is being compensated by a substitute facility. And so again, I don't think it's one taking but because the United Agreement on Columbia Pike condemned it all at once. It's one piece touches substitute facilities the whole taking a just compensation is contaminated. Third question, which is is the substitute facilities? Which would appear the trial court? Was the proper body to make that call is that just compensation? And I think the test in that circumstances is what you've received the functional equivalent of the properties taken. So I know the opposing counsel states in their brief that there isn't any dispute that the road network will have at least the same functional utility is the road network that was taken and I'm not remembering right off that you ever argued or proffered evidence that that was incorrect. Yes, your honor, but that is the premise for that proposition is that the United States took a road network and the whole crux of this case your honor is the United States didn't take a road network United States took the Southgate parcel, which is valuable property that their own appraiser agrees is available for residential development. They stipulate has fair market value. The county produced residential development scenarios for the parcel unrefuted expert testimony supporting such development and numerous examples of approved rezoning of the same zoned property within Arlington County. It's used as a road today. Nobody does doubts that but that doesn't define the highest and best use of this property and the district court didn't address any of that evidence or any of the law in characterizing this property and granting summary judgment. The district court just said it's a road just like Columbia Pike and because one is substitute facility. We're just going to deem the whole thing a substitute facility. That is new law your honor. Thank you very much. You've got some time left on rebuttal. Thank you. My name is Alan Brabender and I represent the United States. The United States took a road network from Arlington County and it is providing Arlington County with a new and improved road network that has at least the same functional utility as the taken road network. And as the district court found the new road network provides compensation through substitute facilities. Also if they had ever contested whether or not the new note new road network had the same functional utility as the existing road network. Is it your understanding that they did or did not contest that proposition? The county does not contest that proposition. In fact, the county board has unanimously approved an ordinance or a resolution agreeing that the road network is at least the same. They don't use the same functional utility test, but they agreed that they like the road network. Can I just ask you so from the moment this I came across this case something about it as has been making my head hurt really bad as somebody who taught CivPro for about 10 years. So I'm you move for summary judgment and then I read a district court order and the district court says over and over I find I find I find and at this point, I'm very confused because the first rule of rule 56 is that district court judges don't get to make findings under a rule 56 motion, but then I look and see. Oh, well, this is a special rule. We're under rule 71.1. So maybe it's different. So maybe the district court can make findings, but then I look at rule 71 and rule 71.1 a says these rules govern proceedings in condemnation actions except as this rule provides otherwise, which means rule 56 doesn't apply if we're under 71.1. So then I look through rule 71.1 to see where district court judges can grant summary judgment in a 71.1 proceeding and you know, there's language about pleading. There's language about service of process. There's language about allocating responsibility, but there is nothing about granting summary judgment in these actions. And so I'll just tell you what my fundamental problem is. If this is a rule 56 proceeding, if this is an actual summary judgment motion, I think the district court committed reversible error by making factual findings because district courts don't get to make factual findings at summary judgment. And if this is a rule 71.1 motion, I don't know what the basis of doing a summary judgment motion is. It's I mean, I completely agree that district court gets to make this decision, but it gets to make it in a full adversarial proceeding rather than So help me out of this procedural morass. I am very confused about how this is happening. Okay. So at the outset of this case, the United States did move under rule 71.1 for a determination that fair market value was not relevant. What can you ask? What kind of motion was that? Is that a motion in lemonade? What like you I know you say moved under 71.1. I don't know what motion that is. It was a rule 71.1 motion, your honor. Again, so a condemnation cases are I read 71.1 and I don't see a provision of 71.1 to says motion to exclude all evidence of fair market value. So what kind of motion is that? It was a general motion. I guess under the rules, your honor. Okay, I asked just to clarify. Do you agree with the Titans premise that the rules of civil procedure don't apply except for 71.1? I thought we had precedent that said unless they're in conflict with they apply at less. There's a conflict between the rules and 71.1, but I yeah, that's been a while. So that sounds right, your honor. Thank you. Okay, but if that's right, if it is a rule 56 motion, do you agree that district courts don't get to resolve disputed issues of material fact at a summary judgment? Well, I think two different things were going on in the March 9 hearing. I think there was a summary judgment question, but there are also evidentiary questions at the very start of the hearing. Judge Brinkman said I'm here to hear argument and take evidence. And so it was really a dual function. You could look at it as a dual function type of hearing. And so the court went on to resolve the sort of factual dispute and then based on that resolution hearing on the merits and a rule 56 hearing together. That this is sort of an odd duck. It is a very odd duck. It's because condemnation proceedings are different than the typical civil proceedings. Usually it's the jury who would make the factual determinations, but in condemnation proceedings under the United States versus Reynolds and under 71.1, it's the district judge that makes all the factual determinations other than the amount of justice. This is involving a bench trial, too. I mean, you can have a civil case just putting aside this. You can have a regular old civil case that's going to be tried by the court rather than like think about case in equity where there's no right to a trial by jury. But the fact that the court is the ultimate fact finder does not mean that the court can resolve genuine issues of bispheral fact at summary judgment, right? That doesn't super the fact that the court ultimately is the finder of fact does not mean that the court can make findings of fact on a rule 56 motion, right? Well, again, I don't think you have to view everything with the district court judge did as a under rule 56. I think you can look at it. I'm sorry. Am I right that you were the ones who filed for summary judgment under rule 56. You didn't file a motion for judgment as a matter of law or to have an evidentiary hearing or a trial on the merits or whatever the heck you call this. You were the ones who said we move for relief under rule 56. I believe that is true. Earlier in the case. We made the exact same motion under rule 71.1. And I, you know, to the extent we cited only 56, I think, you know, the judge could have still suspended ruled under 71.1. But the fact of the matter is the district court did make fact findings and we think those fact findings are our own deference. There's no reason to say this court where we said that a district where we upheld a district court judgment that made factual findings on a summary judgment motion. I believe the International Bank or cases is one case your honor. I see a different question. So this whole when and whether the government can do substitute facilities and I understand your argument is we can do them whenever we want and I understand their argument to be you can only do them under these certain circumstances. I looked and I couldn't find one but please could you tell me do you know of any case where a court has said that the government could give substitute facilities instead of cash over the objection of a landowner who says no, no, no, I want cash. I wasn't able to find a case. I mean, I know there are cases that say you can sometimes give substitute facilities, but I haven't been able to find a case from the Supreme Court of this court saying where the where the landowner says no, no, no, that's cool. Don't want substitute facilities. I'd really prefer the cash. However, fair market value comes out and where the government says no, you're going to take substitute facilities. I wasn't able to find a case where that happened. Are you aware of one? I am and it's not and it's not a Supreme Court case. It's not worth circuit case, but it's a Sixth Circuit case. It's Jefferson County versus Tennessee Valley Authority where the county and that case just like the county here one cash, but the Tennessee Valley Authority provided substitute facilities and the Sixth Circuit found that the county was therefore not entitled to cash because the substitute facilities had been had been provided and although this isn't a substitute facilities case, the Supreme Court case of Blanchette, I think is relevant because there the government provided stock in a new corporation, even though the creditors of the bankrupt railroads didn't want stock in an unproven corporation. They wanted cash, but they think the government could do that to a private landowner. Do you think the government could say to a private landowner? I'm going to take your real property and I know you well, I know you don't want me to take your real property. But unfortunately for you, we just can do that. And I know that you'd rather have cash, but I'm going to take your house and I'm just going to give you another house. But the good news for you is that the house I'm giving you is just as good as the house. I just took do you think the government could do that to a private landowner? Yes, and that's exactly what happened in the Brown versus United States case where the form of the compensation was to relocate the town somewhere. No, but that yes. I agree with you that it looks a little bit like Brown, but the people who were objecting in Brown were not the people who lost house one, right? The people who were objecting in Brown were the people whose houses were being taken to be given to the people who hostile and I don't read Brown as the I don't read Brown is very helpful for you because to me Brown is a case is not a case where the person who's actually having their stuff taken by the government in the first instance is saying I read Brown is saying the people in town one are perfectly happy to move to town to it's the people in town to who are unhappy about it. Isn't that right? Yes, your honor. That is that is correct. And I think the ultimate question though under under the Fifth Amendment is just compensation and indemnity and as long as the private landowners receiving a house that is equivalent and makes that landowner whole I think the Fifth Amendment would allow it. Even if a lot of people would be very surprised to learn that that you think the government can take my house and not only not give me cash they have they can tell me I have to take some other house. Right and the ultimate question of course would be for the court to resolve whether or not that did make the landowner whole but and I doubt there is a situation where the government would very want to do that very often because oftentimes substitute facilities are more expensive than just cash compensation. But as a strict matter of law, I think the government probably does have that authority. And here the county contends that this is sort of a unilateral decision to impose substitute facilities, but that's not what happened. The county wants substitute facilities. The county needs substitute facilities because Columbia Pike is so important to the county's road network. It's the Main Street in the southern part of the county more buses travel on Columbia Pike than any other roadway in the Commonwealth. And it's the connection between the rest of the county in the area that is now known as the National Landing, which is where Amazon is locating locating its headquarters. So the county would have suffered a dramatic dramatic devastating consequences if the United States has simply paid cash. So the county wanted substitute facilities and not just for Columbia Pike, but for Southgate Road as well.  to make up for the closing of Southgate Road because the theory was that the closing of Southgate Road, which is parallel to Columbia Pike will cause additional traffic on Columbia Pike and therefore it needed to be widened. So the original plan for the United States was to build a 75-foot width, but after the county demanded the additional width, it was agreed to expand Columbia Pike to 88 feet. The county wanted bicycle facilities on Columbia Pike to make up for the loss of bicycle facilities on Southgate Road because Southgate Road served as the bike route in the area prior to the taking because Columbia Pike was unsafe. And the county also demanded a access road off of Columbia Pike. So this is basically the argument that what they're getting is just as good as what that's being taken and maybe maybe that's right. Maybe that's wrong. I mean, I don't feel like I have a strong enough view to know whether I better than what they're losing. They're saying that what you're giving them is not as good as what they're losing. Can I ask you a question? Who decides question about that? So in a case where we're deciding is the thing is what you're giving them as good or better than the thing you're taking from them. Is that the judge or is that again this Commission whoever the non-judge fact-finders that we apparently sometimes have in these cases. Do you think the judge gets to make that because of well, I guess what I'll say is this judge seem to think that the court gets to decide whether the you're giving is as good as the thing you're taking but I guess why wouldn't that question be a question for the find the ultimate finder of fact, I think it would be a question for the ultimate ultimate finder of fact. It is similar to the determination of the amount of just compensation of the adequacy of the just compensation, right? But then why doesn't that mean that you lose here because the district court did it here. No because the county conceded that the road network is at least a functional utility has at least the same functional utility as the taken road network. That's why there's no genuine dispute of material fact because the county has conceded that point. Okay. So if so, in other words, your position is that if there was if there was a fight about this, if you were saying what we're giving you is just as good as what we're taking and they say, well, no, it's not for the following five or you think that is something that the district court wouldn't resolve that would go to whoever this that would go to the jury or the commission. Yeah, that's correct. So what what's your basis to say that the county has conceded that point and I think it the argument if that's correct, then even though in theory, that's a question that goes to the jury here. There wouldn't be anything to go to a jury. It's an effect abandoned or raved by the other party. Well, the county doesn't dispute it in their brief for one. And as I mentioned at the beginning of the argument, the county board has has adopted a resolution that approves of the substitute road network. I thought and when I asked your friend on the other side, if there was a dispute of material fact about the adequacy of the substitute facilities, and he said there was not if we if the district court was right that this is one project one roadway one connected taking and if the district court was right that substitute facilities are the correct mode. I believe he said if those two are correct, then there is no dispute of material fact about the adequacy of the compensation. But we can ask again on robot. I'm getting a nod, but I won't hold you to it. I'll let you say again, but I because I was concerned about this. And so I asked that question. I believe the answer is if we get through those two things, then there is no dispute of material fact. And so that's your concession that you just referred to correct. Correct. Now, even if even if the district court were wrong that this is not one project and one taking that it should be dissected into separate parts. Summary judgment should still be entered for the United States in our mind because it's the condemn or under the law that selects the form of the compensation and here the United States reasonably selected with Arlington County's input substitute facilities. And unless the court has any additional questions, your friend on the other side talks about how both both parties agree that the Southgate parcel has a fair market value. If it's used for something else, right? If it's in its current state, it's a road and there's zoning requirements that were in, you know, deed restrictions, perhaps, but that if you change some of those things, it has a fair market value and it could be used for something else and you have an expert putting a dollar number on that. So what do we do with that in trying to assess the determination that that compensation shouldn't be paid in cash? Well, when the form of the compensation is substitute facilities, the fair market value just isn't isn't relevant fair market value and substitute facilities are mutually exclusive forms of compensation. So the argument is if something has a fair market value, then then you can't use substitute facilities. It's the argument that's being made is your how do you what's your response to that? Well, that's not the law would be our response to that in Duncanville for instance of the landfill at issue had a fair market value and yet the Supreme Court said the United States could have provided substitute facility if it wanted to. Will you say to your friend of the other side's argument that you're weaponizing a doctrine that is designed to protect the county to then use it against the Their take which seems plausible to me is the reason we allow substitute facility. Sometimes is to protect a landowner whose whose thing that was taken has a fair market value that is either low or I guess we probably now say what sort of modern economic analysis we'd say is extraordinarily difficult to assess. There are some property like because I think economists would tell us all land has some fair market value, but there are some situations where it's extraordinarily hard to determine what the fair market value is. And so the substitute facilities doctrine steps in there to protect the landowner because you'd say the fair market value is five bucks and they'd say but I have a road there and surely when you take my road, you've harmed me more than five dollars. And so that steps in to protect the landowner and that in this case what the government is according to them doing is coming over the top and taking a doctrine that was designed to protect them and making them far worse off by saying look, I know there are experts who say this parcel is worth millions of dollars in fair market value, but it's only got a road on it right now. So we'll just build you a new road even though that actually leaves them with left. So I mean sort of what do you say to that overall response that you're essentially trying to take a doctrine designed to protect the landowner and then asserting that the government can then use that doctrine against the landowner to make the land over or soft. I would say that the provision of substitute facilities here is protecting the landowner Arlington County needed substitute facilities. It would have suffered a devastating loss if the United States had to simply taken the land and paid cash. This is the federal government knows better than Arlington. What's best for Arlington version of that? No, because Arlington wanted the substitute facilities and they wanted the substitute facilities not just for Columbia Pike, but for Southgate Road as well. They wanted the wider Columbia Pike. They wanted Access Road. They wanted the bicycle facilities. They want the parking garage or at least getting a parking garage. So they're getting what they asked for by asking for cash as well. They're seeking double compensation, which is improper under the Fifth Amendment. And again, unless the court has any other questions would ask that the judgment be affirmed. Thank you very much. Sure. I'll slander. You've got some time in rubble. Thank you, your Honor. This is to answer. I'm sorry. Apologies. Can't forget us on these days. To answer Judge Rushing's question at the question in this case is whether there are adequate substitute facilities. That's not the dispute in this case and the district court thought that that's where it began and ended and that it's not this is not the question here. Again, the government believes it took a road network and it's giving a new road network, but that's not the facts and I think the question about who decides really is the key here because the county was not your underlying issue is the district court was wrong to find it was a singular taking. No, your Honor, because I believe the court was wrong to find there was a singular taking but the court was also wrong to find that the singular taking means that anything taken within that singular taking has to be compensated by substitute facilities and the fair market value that is clearly stipulated for some of that property suddenly goes away because the government decides that it's going to include the Columbia Pike piece to the government spill good. Mr. Robinson spoke to land. It's not land that we agreed that needed to be substituted. It's it's the Columbia Pike piece. No one ever proposed to close down Columbia Pike. It's the biggest one of the biggest art arterials in the middle of Arlington County, but that is not true for Southgate Road. Southgate Road is an access road to a federal military base that the county could live without the government built it for itself to accessing federal military base and there was quite a bit of testimony that if there wasn't South Gate Road and you didn't have South Nash to replace it that it would be havoc on the neighborhood right there by the base gate. I want to say there's havoc Your Honor, but the government was going to close the gates. The government necessitated base access the government needed base access and so it's creating itself new base access for and not all of the ballot. The new traffic is going to use South Nash. Some of its going to access the base by other means. I just want to point out in my very limited time. Sorry. Yes. If we were to determine that the district court or just assuming this the district court was correct to decide there was a singular taking it was correct to decide that there was that the substitute facilities theory is appropriate in this case. Then the question that would be left for the jury in theory is whether the actual substitute facilities were functionally equivalent is just compensation. And what I understood your answer to judge rushing's question to be was that that's not something you can test. That is correct. Your Honor. There would be no jury trial would be no question. Correct. Your Honor that the final judgment in this case believe stated that the receipt of the new rail lines Columbia Pike and the realign South Gate Road constitutes adequate just compensation and the case is closed. And so affirmance of summary judgment would effectively end the case again. This is not about the adequacy of substitute facilities like is in every other substitute facilities case, but link to skin. The judge is wrong. The district court was wrong because it creates brand new law. There is no case not one that says that even if it's one project or one taking that it's one form of just compensation at all. There's there's there's there's no case that says that it's also no case where the United States alone could decline payment of fair market value where the United States gets to choose that unilaterally no case, but this court allow that to occur. There's also no case where a district court found in the face of competing expert appraisals for the taking property that there was no material issue disputed issue of fact, we have two expert appraisals here. We have evidence on both sides. But again, the district court on summary judgment is not a function of weighing the various evidence. This court has been clear that when there is a summary judgment motion, it does not get the deference that a full trial record would get the government misstates the standard review and it's in its brief your honor. I asked earlier whether the county thought that's Columbia Pike was stress compensation for Southgate Road. Again. I will point out Columbia Pikes with features. What have you would be the same with or without the closure of Southgate the closure of Southgate Road in the taking of the Southgate parcel. That's what the record shows government doesn't contest any any any differently what the compensation for the Southgate parcel was going to be going all the way back to 2008 and this is in the 2008 memorandum of agreement and the 2013 memorandum of agreement. Is there going to be substantial federal acreage not just South Nash Street, not the realign Columbia Pike, but there's going to be substantial acreage south of Columbia Pike that the United States was going to give to the county specifically to get the Southgate parcel. Then when 2017 came around the United States walked away from that and said it's still going to be just compensation. We're just not going to give you that land and we're not going to give you any money either. It's just the project the project now itself is just compensation that change in course was a total surprise to the county and it matters not just for this case, but for future cases as well because the whole point of the uniform Relocation Act and is to have discussions do appraisals to avoid the need to condemn property through litigation and the United States took the different the opposite course here. We reached agreement on Columbia Pike as that would be realignment basically a one-for-one road for road and then the United States is leaning on that in order to avoid paying monetary just compensation for the undisputably valuable Southgate development parcel and that is it would have significant consequences for future condonees by allowing the United States to dictate what's just compensation rather than the court. There's no further questions. I'll yield the remainder of my time. Thank you very much. Thank you. We court appreciates the very able argument Council on both sides and ordinarily we come down and greet Council in person, but that's still not an option for us. So I hope the next time you're back that the rules would have changed and we'll be able to do that.
judges: G. Steven Agee, Allison J. Rushing, Toby J. Heytens